UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JOHNNY-WAYNE MORRELL,
No. 955782,

    Plaintiff,                                  Civil No. 2:19-cv-13617
v.                                          Hon. Denise Page Hood

LIVINGSTON COUNTY SHERIFF'S
DEPARTMENT, ET AL,

    Defendants.
_____/

**ORDER SUMMARILY DISMISSING CASE**

Plaintiff Ronald Johnny-Wayne Morrell, a state inmate incarcerated at the Richard A. Handlon Correctional Facility, has filed a pro se complaint pursuant to 28 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the court summarily dismisses the case.

**I. Background**

On March 30, 3015, Plaintiff pled no contest in the Livingston Circuit Court to one count of armed robbery, MICH. COMP. LAWS § 750.529; four counts of unlawful imprisonment, MICH. COMP. LAWS § 750.349b; one count of first-degree

1

home invasion, § 750.110a(2); one count of larceny of a firearm, MICH. COMP. LAWS § 750.357b; one count of larceny in a building, MICH. COMP. LAWS § 750.360; five counts of felonious assault, MICH. COMP. LAWS § 750.82; and thirteen counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.

The present complaint concerns events occurring from the time of Plaintiff's arrest at his home in Kent County to his eventual no contest plea in Livingston County. The complaint names numerous defendants, including the Livingston County Sheriff's Department ("LCSD"), two LCSD deputies who transported him from his home, two LCSD detectives who interrogated him, LCSD deputies who transferred and guarded him at the hospital, LCSD deputies who arranged for his hospital discharge, the Livingston County Sheriff, the defense attorney who represented Plaintiff during his criminal proceedings, two assistant Livingston County prosecutors who handled his criminal case, the Livingston County Prosecutor, the author of his presentence investigation report, two assistant attorney generals for the State of Michigan, and the Michigan Attorney General.

The lengthy complaint makes allegations regarding the alleged misconduct of the Defendants during his arrest and prosecution. In short, Plaintiff asserts that the search of his house and arrest were warrantless and illegal. He claims that he

2

was given a deliberately rough and unsafe ride while wearing uncomfortably tight cuffs from Kent County to Livingston County. Plaintiff asserts that he was on opioid pain medication at the time of his arrest, so statements he made at his subsequent interrogation were involuntary, that his *Miranda* rights were violated, and his request for counsel was ignored. Plaintiff additionally claims that he was seen at a hospital after he complained of chest pains, but deputies forced his premature discharge. He asserts that his jail cell was too cold, and he was given improper medication. Plaintiff claims that his defense attorney ineffectively told him that he should plead no contest despite his claimed lack of memory concerning the events leading to the charges, and that his counsel told him he could get him out of jail if Plaintiff gave him $10,000 in cash. Plaintiff makes additional allegations that his wife was falsely arrested and that child protective services were contacted in an effort to intimidate him. Plaintiff finally claims that all the Defendants acted in concert or performed acts to cover up the illegal actions of others.

Plaintiff pursued many—if not all—of these claims in the Michigan Courts on direct review and in a state court post-conviction review proceeding. After the state courts denied relief, Plaintiff filed a federal petition for writ of habeas corpus. See *Morrell v. Burt*, Eastern District of Michigan Case No. 17-cv-10961, ECF Nos.

19, 20, and 25.

The complaint seeks monetary damages in the amount of $5,000 per day of illegal incarceration, and $500,000,000 in punitive damages.

## II. Standard

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

### III. Discussion

Plaintiff alleges that various illegal actions by the defendants resulted in his confinement by virtue of his unlawful arrest and conviction. Aside from the fact that some of the defendants named in the complaint are immune from suit, *Welch v. Texas Dep't. Highways*, 483 U.S. 468, 472 (1987), or are not legal entities capable of being sued, *Haverstick Enters. v. Fin. Fed. Credit*, 32 F.3d 989, 992, n.1 (6th Cir. 1994), Plaintiff's complaint is barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck* the Supreme Court held that claims such as those raised by plaintiff in this action may not be brought in a civil suit:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*, 512 U.S. at 486-87.

The allegations in Plaintiff's complaint, if true, would necessarily imply the invalidity of his conviction. He asserts in this action that his imprisonment is unlawful due to his illegal arrest, his involuntary statement to police, the ineffectiveness of his counsel, and the invalidity of his no contest plea.

5

Accordingly, under *Heck*, his complaint must be dismissed until such time as Plaintiff demonstrates that his conviction has been invalided. Because the Court dismisses the action pursuant to *Heck*, the dismissal is without prejudice. See *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

### IV. Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be **dismissed** without prejudice pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

**SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
United States District Court

Dated: May 19, 2020